The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICROSOFT CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00369 |
| | ) | |
| INTERNAL REVENUE SERVICE | ) | **AMENDED ANSWER OF THE** |
| | ) | **INTERNAL REVENUE SERVICE** |
| Defendant. | ) | |

DEFENDANT, the Internal Revenue Service, by and through its attorneys,

responds to the complaint as follows:

1.      The Defendant admits that Plaintiff seeks to compel disclosure of certain records

under the Freedom of Information Act ("FOIA"), and denies the remaining allegations in

paragraph 1.

2.      The allegations in paragraph 2 are legal conclusions to which no response is

required.  To the extent that a response is required, the Defendant admits that the court has

jurisdiction over the parties and this matter pursuant to 5 U.S.C. § 552(a)(4)(B).

3.      The allegations in paragraph 3 are legal conclusions to which no response is

required.  To the extent that a response is required, the Defendant admits these allegations.

4.      The Defendant admits the allegations in paragraph 4.

FIRST AMENDED ANSWER OF THE
INTERNAL REVENUE SERVICE

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-9832 (Phone) 202-307-6866 (Fax)

1

5.     The Defendant admits that the Internal Revenue Service is headquartered in Washington, D.C. and that it is an agency within the meaning of 5 U.S.C. § 552(f)(1); and denies the remaining allegations in the paragraph.  The Defendant avers that it has possession and control over some (but not all) of the records that Plaintiff seeks under the FOIA.

6.     The allegations in paragraph 6 are legal conclusions to which no response is required.  To the extent that a response is required, the Defendant admits these allegations.

7.     The allegations in paragraph 7 are legal conclusions to which no response is required.  To the extent that a response is required, the Defendant denies these allegations.

8.     The allegations in paragraph 8 are legal conclusions to which no response is required.  To the extent that a response is required, the Defendant admits the allegations, and avers that FOIA requests must be perfected, the FOIA permits an agency an additional ten working days for an agency to respond under certain circumstances, and the 20-day period may be tolled under certain circumstances.

9.     The Defendant admits the allegations in paragraph 9.

10.    The Defendant admits that the Internal Revenue Service is conducting examinations of the federal income tax liabilities of Microsoft, and avers that such examinations are for various taxable periods between 2004 and 2006; and a separate examination for taxable periods between 2007 and 2009.

11.    The Defendant admits that the defendant entered into a contract with Boies Schiller & Flexner ("Boies Schiller") on September 19, 2013, denies the remaining allegations in the first sentence, and avers that the contract was for expert services and had a ceiling price of $350,000.  The allegations in the second sentence of paragraph 11 are legal conclusions to which no response is required.  To the extent that a response is required, the Defendant admits that the

FIRST AMENDED ANSWER OF THE
INTERNAL REVENUE SERVICE

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-9832 (Phone) 202-307-6866 (Fax)

2

1   contract with Boies Schiller is related to assisting the IRS in its examination of Microsoft, and

2   denies the remaining allegations.

3       12.    The Defendant admits that Boies Schiller describes itself as the Plaintiff alleges in

4   paragraph 12.

5       13.    The Defendant admits that the defendant entered into a contract with Quinn

6   Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") on or about May 19, 2014.  The

7   Defendant denies the remaining allegations in the paragraph, and avers that the contract was for

8   expert services, had a ceiling price of $2,185,500, and was related to assisting the IRS in its

9   examination of Microsoft.

10      14.    The Defendant admits that Quinn Emanuel describes itself as the Plaintiff alleges

11  in paragraph 14.

12      15.    The Defendant admits only that on June 18, 2014, the IRS issued temporary and

13  proposed regulations that clarified that persons with whom the IRS or the Office of Chief

14  Counsel contracts for services described in 26 U.S.C. § 6103(n) and its implementing regulations

15  may be included as persons designated to receive summoned books, papers, records, or other data

16  and to take summoned testimony under oath.  The Defendant denies the remaining allegations in

17  paragraph 15.

18      16.    The Defendant admits the allegations in paragraph 16.

19      17.    The Defendant admits the allegations in paragraph 17.

20      18.    The Defendant admits that the Internal Revenue Service received the letter

21  attached to the complaint as Exhibit A on December 15, 2014.  The remaining allegations in

22  paragraph 18 are legal conclusions to which no response is required.  To the extent that a

23  response is required, the Defendant lacks knowledge or information sufficient to form a belief as

24  to the allegations in paragraph 18.

FIRST AMENDED ANSWER OF THE
INTERNAL REVENUE SERVICE

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-9832 (Phone) 202-307-6866 (Fax)

3

1    19.    The Defendant admits the allegations in paragraph 19.

2    20.    The Defendant admits only that the allegations in paragraph 20 accurately quote

3    excerpted portions of the letter attached to the complaint as Exhibit B, and denies the remaining

4    allegations in the paragraph.

5    21.    The allegations in paragraph 21 are legal conclusions to which no response is

6    required.  To the extent that a response is required, the Defendant denies that the Plaintiff

7    accurately quoted the excerpted portions of the letter attached to the complaint as Exhibit B, and

8    lacks knowledge as to the remaining allegations in the paragraph.  The Defendant avers that an

9    excerpt of the letter attached to the complaint as Exhibit B states that "we will still be unable to

10   locate and consider release of the requested records by January 30, 2015.  We have extended the

11   response date to March 31, 2015 when we believe we can provide a final response."

12   22.    The Defendant denies the allegations in paragraph 22.  The Defendant avers that

13   on May 13, 2015, Defendant released to Plaintiff 66 pages of documents, some partially exempt

14   from disclosure, and on May 28, 2015, Defendant released an additional 200 pages of documents.

15   These releases represent all of the records that Defendant located after searching records in its

16   possession and control that were responsive to Plaintiff's First FOIA Request.

17   23.    The allegations in paragraph 23 are legal conclusions to which no response is

18   required.  To the extent that a response is required, the Defendant lacks knowledge or

19   information sufficient to form a belief as to the allegations in paragraph 23.

20   24.    The allegations in paragraph 24 are legal conclusions to which no response is

21   required.  To the extent that a response is required, the Defendant lacks knowledge or

22   information sufficient to form a belief as to the allegations in paragraph 24.

23   25.    The Defendant admits the allegations in paragraph 25.

FIRST AMENDED ANSWER OF THE
INTERNAL REVENUE SERVICE

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-9832 (Phone) 202-307-6866 (Fax)

4

1    26.    The Defendant admits that the Internal Revenue Service received the letter

2    attached to the complaint as Exhibit C on December 16, 2014.  The remaining allegations in

3    paragraph 26 are legal conclusions to which no response is required.  To the extent that a

4    response is required, the Defendant lacks knowledge or information sufficient to form a belief as

5    to the remaining allegations in the paragraph.

6    27.    The Defendant admits the allegations in paragraph 27.

7    28.    The Defendant admits only that the allegations in paragraph 28 accurately quote

8    excerpted portions of the letter attached to the complaint as Exhibit D, and denies the remaining

9    allegations in the paragraph.

10    29.    The Defendant admits the allegations in paragraph 29.

11    30.    The allegations in paragraph 30 are legal conclusions to which no response is

12    required.  To the extent that a response is required, the Defendant admits only that the allegations

13    accurately quote excerpted portions of the letter attached to the complaint as Exhibit E, and

14    denies the remaining allegations in the paragraph.

15    31.    The Defendant admits the allegations in paragraph 31.

16    32.    The allegations in paragraph 32 are legal conclusions to which no response is

17    required.  To the extent that a response is required, the Defendant lacks knowledge or

18    information sufficient to form a belief as to the allegations.

19    33.    The allegations in paragraph 33 are legal conclusions to which no response is

20    required.  To the extent that a response is required, the Defendant lacks knowledge or

21    information sufficient to form a belief as to the allegations.

22    34.    The Defendant admits the allegations in paragraph 34.

23    35.    The Defendant admits that the Internal Revenue Service received the letter

24    attached to the complaint as Exhibit F on December 15, 2014.  The remaining allegations in

FIRST AMENDED ANSWER OF THE
INTERNAL REVENUE SERVICE

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-9832 (Phone) 202-307-6866 (Fax)

5

1  paragraph 35 are legal conclusions to which no response is required.  To the extent that a

2  response is required, the Defendant lacks knowledge or information sufficient to form a belief as

3  to the remaining allegations in the paragraph.

4    36.    The Defendant admits the allegations in paragraph 36.

5    37.    The Defendant admits only that the allegations in paragraph 37 accurately quote

6  excerpted portions of the letter attached to the complaint as Exhibit G, and denies the remaining

7  allegations in the paragraph.

8    38.    The allegations in paragraph 38 are legal conclusions to which no response is

9  required.  To the extent that a response is required, the Defendant denies that the Plaintiff

10 accurately quoted the excerpted portions of the letter attached to the complaint as Exhibit G, and

11 lacks knowledge as to the remaining allegations in the paragraph.  The Defendant avers that that

12 the letter attached to the complaint as Exhibit G states that "we will still be unable to locate and

13 consider release of the requested records by January 30, 2015.  We have extended the response

14 date to March 31, 2015 when we believe we can provide a final response."

15    39.    The Defendant admits the allegations in paragraph 39.

16    40.    The allegations in paragraph 40 are legal conclusions to which no response is

17 required.  To the extent that a response is required, the Defendant lacks knowledge or

18 information sufficient to form a belief as to the allegations.

19    41.    The allegations in paragraph 41 are legal conclusions to which no response is

20 required.  To the extent that a response is required, the Defendant lacks knowledge or

21 information sufficient to form a belief as to the allegations.

22    42.    The Defendant admits the allegations in paragraph 42.

23    43.    The Defendant admits the allegations in paragraph 43.

24 ///

FIRST AMENDED ANSWER OF THE
INTERNAL REVENUE SERVICE

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-9832 (Phone) 202-307-6866 (Fax)

6

1   44.     The Defendant admits only that the allegations in paragraph 44 accurately quote

2   excerpted portions of the letter attached to the complaint as Exhibit I, and denies the remaining

3   allegations in the paragraph.

4   45.     The Defendant admits the allegations in paragraph 45.

5   46.     The allegations in paragraph 46 are legal conclusions to which no response is

6   required.  To the extent that a response is required, the Defendant admits only that the allegations

7   accurately quote excerpted portions of the letter attached to the complaint as Exhibit J, and lacks

8   knowledge as to the remaining allegations in the paragraph.

9   47.     The Defendant admits the allegations in paragraph 47.

10   48.     The allegations in paragraph 48 are legal conclusions to which no response is

11   required.  To the extent that a response is required, the Defendant lacks knowledge or

12   information sufficient to form a belief as to the allegations.

13   49.     The allegations in paragraph 49 are legal conclusions to which no response is

14   required.  To the extent that a response is required, the Defendant lacks knowledge or

15   information sufficient to form a belief as to the allegations.

16   50.     The Defendant incorporates by reference its responses to paragraphs 1-49.

17   51.     The allegations in paragraph 51 are legal conclusions to which no response is

18   required.  To the extent that a response is required, the Defendant lacks knowledge or

19   information sufficient to form a belief as to the allegations.

20   52.     The allegations in paragraph 52 are legal conclusions to which no response is

21   required.  To the extent that a response is required, the Defendant denies that the Plaintiff is

22   entitled to all of the records identified in the complaint.

23   53.     The allegations in paragraph 53 are legal conclusions to which no response is

24   required.  To the extent that a response is required, the Defendant denies the allegations.

FIRST AMENDED ANSWER OF THE
INTERNAL REVENUE SERVICE

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-9832 (Phone) 202-307-6866 (Fax)

1    54.    The allegations in paragraph 54 are legal conclusions to which no response is

2    required.  To the extent that a response is required, the Defendant lacks knowledge or

3    information sufficient to form a belief as to the allegations.

4    55.    The Defendant incorporates by reference its responses to paragraphs 1-54.

5    56.    The allegations in paragraph 56 are legal conclusions to which no response is

6    required.  To the extent that a response is required, the Defendant lacks knowledge or

7    information sufficient to form a belief as to the allegations.

8    57.    The allegations in paragraph 57 are legal conclusions to which no response is

9    required.  To the extent that a response is required, the Defendant denies that the Plaintiff is

10   entitled to all of the records identified in the complaint.

11   58.    The allegations in paragraph 58 are legal conclusions to which no response is

12   required.  To the extent that a response is required, the Defendant denies the allegations.

13                              **FIRST AFFIRMATIVE DEFENSE**

14   The Defendant released to Plaintiff all non-exempt records within its control that were

15   responsive to Plaintiff's First FOIA Request.

16                             **SECOND AFFIRMATIVE DEFENSE**

17    The Defendant is entitled to withhold from disclosure certain records (or a portion of

18   certain records) pursuant to 5 U.S.C. § 552(b).

19                              **THIRD AFFIRMATIVE DEFENSE**

20   Plaintiff's requests were overbroad and failed to reasonably describe the records sought.

21                             **FOURTH AFFIRMATIVE DEFENSE**

22   Plaintiff is neither eligible nor entitled to an award for attorneys' fees and costs.

23   ///

24   ///

FIRST AMENDED ANSWER OF THE               U.S. Department of Justice, Tax Division
INTERNAL REVENUE SERVICE                  Ben Franklin Station , P.O. Box 227
                                          Washington, D.C. 20044
                                          202-616-9832 (Phone) 202-307-6866 (Fax)

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's available relief is limited to that which is provided by the Freedom of Information Act, 5 U.S.C. § 552.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust its administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to discovery in the context of FOIA litigation.

WHEREFORE, having fully responded to plaintiff's complaint, the Defendant prays that this Court dismiss the complaint with prejudice, grant the Defendant its costs of defense, and grant such other relief as may be deemed just and proper under the circumstances.


DATE: June 1, 2015

          /s Richard J. Hagerman
          RICHARD J. HAGERMAN
          Trial Attorney, Tax Division
          U.S. Department of Justice
          Post Office Box 227
          Washington, DC  20044
          Phone/Fax:  (202) 616-9832/514-6866
          Email: Richard.J.Hagerman@usdoj.gov

FIRST AMENDED ANSWER OF THE
INTERNAL REVENUE SERVICE

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-9832 (Phone) 202-307-6866 (Fax)

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a true and correct copy of the foregoing answer on Plaintiff's counsel via the Court's electronic case filing system on June 1, 2015.

/s Richard J. Hagerman
RICHARD J. HAGERMAN

FIRST AMENDED ANSWER OF THE
INTERNAL REVENUE SERVICE

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-9832 (Phone) 202-307-6866 (Fax)