THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | NO. 2:15-cv-00369-RSM<br><br>**SECOND MOTION FOR EXTENSION OF TIME TO FILE DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR: August 9, 2022 |
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | NO. 2:15-cv-00850-RSM |

Defendant IRS moves for an additional 17-day extension of time, through August 29, 2022, to reply in support of its Motion for Summary Judgment. The IRS needs more time to investigate and address the issues of law and fact raised by Plaintiff's Brief in Opposition, requiring at least one supplemental declaration to clarify the facts underlying the IRS's search and/or exemption assertions.

SECOND MOTION FOR EXTENSION OF TIME TO FILE
DEF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT – Page 1
(No. 2:15-cv-00369-RSM)

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)

While undersigned counsel can address the issues of law, many of the facts underlying Plaintiff's numerous challenges require undersigned counsel's consultation with the IRS Chief Counsel witnesses in this matter. These witnesses have knowledge on how the search was conducted and what other stakeholders or additional documents need to be consulted—for instance, to address Plaintiff's allegations that the IRS found former employee Samuel Maruca's hard drive to be unreliable, or that the IRS failed to search the ESI of Gary Gray. Further consultation with other IRS stakeholders who have more familiarity with the IRS's dealings with Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") may also be necessary. Moreover, at least three IRS Chief Counsel attorneys are in training most of this week and their availability is limited. *See infra* ¶¶ 16, 20, 21 (for additional details pertaining to the reasons the IRS needs additional time as to the search).

Plaintiff also raises a number of challenges to the IRS's *Vaughn* index and exemption assertions. While undersigned counsel is able to address such challenges legally at a high level, there are facts underlying the challenges that again require consultation with IRS Chief Counsel witnesses who have knowledge about both the assertions and the context of each withheld or redacted document, as well as others who have first-hand knowledge about the summons enforcement proceedings before this Court. For example, Plaintiff has alleged that, with respect to its assertion of attorney-client privilege, the IRS made prior statements to the Court in summons enforcement proceedings[1] that are inconsistent with its current position. Plaintiff has also alleged that the IRS improperly withheld routine audit documents under work-product protection. Given the number of documents potentially at issue and the nature and extent of Plaintiff's challenges, additional time is needed to evaluate Plaintiff's Brief in Opposition and prepare a reply.

In support of this request, the IRS states the following:

1. On April 29, 2022, Defendant filed a Motion for Summary Judgment ("Defendant's Motion" or "Motion") and supporting papers, totaling 850 pages. *See* Doc. 63. The earliest noting

---

[1] The prior summons enforcement proceeding was not litigated by undersigned counsel but special litigation counsel in the Department of Justice, Tax Division.

SECOND MOTION FOR EXTENSION OF TIME TO FILE
DEF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT – Page 2
(No. 2:15-cv-00369-RSM)

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)

1   date for the motion was May 27, 2022, but in an attempt provide Plaintiff with sufficient time to respond given the numerous document pages withheld in part and in full, undersigned counsel set the noting date one month later, for June 27, 2022.

2.  On May 12, 2022, the parties stipulated to an extension of time of 32 days for Plaintiff to "fully evaluate Defendant's Motion, declarations, and exhibits (including its *Vaughn* index) to prepare its response." Doc. 64 ¶ 6. In requesting the extension, the parties asserted that "Defendant's motion presents complex issues of fact and law regarding Defendant's search efforts and exemptions claims." *Id.* ¶ 4. Because Defendant did not know then precisely what Plaintiff would be challenging, Defendant did not contemporaneously request an extension of time to reply, but noted that it intended to make such a request following the filing of Plaintiff's Brief in Opposition to have a better estimate of time needed to prepare its reply and to ensure that such a request would be made only once. *Id.* at 2 n.1.

3.  The Court granted the request and extended the deadline for Plaintiff to file its response through July 22, 2022. Doc. 64. Plaintiff thus had 85 days to file its Brief in Opposition.

4.  On July 22, 2022, Plaintiff filed its brief in opposition and supporting papers, totaling over 2,100 pages, more than twice the number of pages Defendant filed. Docs. 68 & 69.

5.  Plaintiff challenged the adequacy of Defendant's search, arguing: (a) that the agency was required to search for responsive records in contractors' possession, Doc. 68 at 7–13; (b) that Defendant's declarations inadequately described the agency's search process, *id.* at 13–14; and (c) that Defendant employed an inexplicably inconsistent search methodology, *id.* at 14–16. Among other things, Plaintiff alleged that Defendant selectively searched departed employees' ESI and disaster recovery tapes, *id.* at 14–16, and that Defendant collected but did not review any ESI from Gary Gray, who allegedly played a material role in the Microsoft summons enforcement process, *id.* at 16.

SECOND MOTION FOR EXTENSION OF TIME TO FILE
DEF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT – Page 3
(No. 2:15-cv-00369-RSM)

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)

6. Plaintiff also argued that Defendant's *Vaughn* index is inadequate as a matter of law because it does not provide sufficient information to evaluate the merits of Defendant's claimed exemptions. *Id.* at 16–19 (arguing, among other things: that the *Vaughn* index includes over 500 repetitive and non-descriptive entries; that over roughly 250 entries lack fundamental information such as author or recipient; and that the index did not include entries for several pages with redactions).

7. Plaintiff additionally argued that Defendant redacted without basis allegedly non-responsive information and that Defendant failed to produce records it stated it would. *Id.* at 19 (identifying roughly 570 entries).

8. Plaintiff further challenged Defendant's exemption claims, including those under 5 U.S.C. §§ 552(b)(2), (b)(3), (b)(4), (b)(5) (specifically its claims under the deliberative process privilege, the attorney-client privilege, and the work product doctrine), (b)(6), and (b)(7)(A). *Id.* at 19–32. In support, Plaintiff cites or indirectly relies on at least 12 exhibits identifying over 5,200 entries[2] in Defendant's *Vaughn* index. *Id.* (citing Exs. 12 (identifying 3 entries), 13 (identifying over 2,300 entries), 14 (identifying 11 entries), 15 (identifying roughly 80 entries), 16 (identifying roughly 30 entries), 17 (identifying roughly 50 entries), 19 (identifying roughly 190 entries), 20 (identifying over 2,300 entries), 25 (identifying 24 entries), 26 (identifying 149 entries), 27 (identifying 56 entries), 28 (identifying 56 entries).

9. On July 22, 2022, Plaintiff also filed a Brief in Opposition (totaling over 2,700 pages) in the parties' related FOIA matter. *See* Dkt. 2:15-cv-01605-RSM, Docs. 56 & 57.

10. On July 28, 2022, the parties tried to stipulate to an extension of time of 45 days for Defendant to file its Reply brief in support of its Motion for Summary Judgment based on many of the same reasons provided in the parties' May 12, 2022 request. Doc. 71. The parties also stated that

---

[2] Many of these entries overlap, as multiple exemption claims are often made per document.

SECOND MOTION FOR EXTENSION OF TIME TO FILE DEF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT – Page 4
(No. 2:15-cv-00369-RSM)

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)

the IRS Chief Counsel attorney assigned to the matter (and the agency person with most access to the evidentiary facts) would be on leave the week of August 1, 2022.

11. On July 29, 2022, the Court granted in part Defendant's request. Doc. 72. The Court stated that the parties had given only surface-level, conclusory reasons for this request, and noted that the IRS had had an opportunity to raise this issue when the parties stipulated to the last set of deadlines extending Plaintiff's response deadline to July 22, 2022. *Id.* at 2. However, the Court recognized that the breadth of Plaintiff's Brief in Opposition was clear on the face of the filing, justifying more than the standard week to draft a reply brief, and gave Defendant until August 12, 2022 to do so.

12. As explained above, Defendant did not stipulate to an extension of its reply deadline when it agreed to extend Plaintiff's response deadline to July 22, 2022 because it did not want to request an extension without knowing precisely what Plaintiff would be challenging, which would affect the time needed.

13. Plaintiff's Brief in Opposition is broad, and challenges the adequacy of Defendant's search, a substantial portion of Defendant's exemption claims, and the sufficiency of Defendant's *Vaughn* index.

14. The IRS needs more time to investigate several issues raised by Plaintiff, including the allegations that over roughly 250 entries in the *Vaughn* index lack fundamental information such as author or recipient; that the index did not include entries for several pages with redactions; and that Defendant failed to produce records it stated it would.

15. Given the nature and extent of Plaintiff's claims, particularly its complaint that Defendant's supporting declarations and *Vaughn* index lack sufficient detail, more time is also needed to determine to obtain at least one supplemental declaration from an IRS Chief Counsel witness.

SECOND MOTION FOR EXTENSION OF TIME TO FILE DEF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT – Page 5
(No. 2:15-cv-00369-RSM)

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)

16. Jamie Hartford and Christopher Valvardi are the IRS Chief Counsel witnesses who submitted search declarations in this matter. These witnesses have knowledge on how the search was conducted and what other stakeholders or additional documents need to be consulted—for instance, to address Plaintiff's allegations that the IRS found Samuel Maruca's hard drive to be unreliable, or that the IRS failed to search the ESI of Gary Gray.

17. Moreover, Plaintiff's argument that the agency was required to search for responsive records in contractors' possession, for which it devoted six pages in its Brief in Opposition, is a complex issue of law and fact that requires more time to evaluate and address. Plaintiff, among other things, argues that the IRS had constructive control over Quinn Emanuel's records based on certain factual allegations, and addressing this latter contention factually may require further consultation with other IRS stakeholders who have more familiarity with the agency's dealings with Quinn, particularly IRS Program Manager Walter Choi and IRS Chief Counsel attorney Cathy Goodson.

18. As for Plaintiff's broad challenge to a substantial portion of Defendant's exemption claims, more time is also needed to review those challenges and whether they need to be addressed at a more detailed level. For example, Plaintiff has alleged that, with respect to its assertion of attorney-client privilege, the IRS made prior statements to the Court in summons enforcement proceedings that are inconsistent with its current position. Plaintiff has also alleged that the IRS improperly withheld routine audit documents under work-product protection. While undersigned counsel is able to address Plaintiff's challenges legally at a high level, there are facts underlying the challenges that similarly require consultation with IRS Chief Counsel witnesses, such as Mr. Choi or Ms. Goodson, who have knowledge about both the assertions and the context of each withheld or redacted document (of which there are tens of thousands of pages), as well as the summons enforcement proceedings before this Court.

SECOND MOTION FOR EXTENSION OF TIME TO FILE
DEF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT – Page 6
(No. 2:15-cv-00369-RSM)

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)

19. Mr. Valvardi is also the witness here who has knowledge about both the assertions and the context of each withheld or redacted document, because he reviewed all the records withheld in full and in part in this case while creating Defendant's *Vaughn* index.

20. Mr. Valvardi is also the IRS Chief Counsel line attorney assigned to this matter, and undersigned counsel's main point of contact with the IRS. His involvement has been critical in the defense of these consolidated cases, and he is the individual with both the knowledge of who at the IRS has relevant information to respond to Plaintiff's challenges and the knowledge of the intricacies of these cases, which has involved tens of thousands of pages of documents.

21. Mr. Valvardi was on leave the week of August 1, 2022, and both he, Mr. Hartford, and Ms. Goodson are participating in annual IRS Chief Counsel CLE training from 12:30 to 4:00 p.m. on August 9, 2022, August 10, 2022, and August 11, 2022. Attendance at this training is mandatory for Mr. Hartford and Ms. Goodson.

22. As set forth above, good cause exists for another extension of time. An extension of time would permit, among other things: (a) Defendant to investigate the issues raised by Plaintiff it was not previously aware of; (b) undersigned counsel to consult with the IRS Chief Counsel witnesses who have the most comprehensive knowledge of the facts regarding agency's search and exemption assertions; (c) IRS Chief Counsel witnesses and attorneys to consult any other stakeholders with knowledge or additional documents; and (d) undersigned counsel to obtain at least one additional supplemental declaration to clarify facts underlying the IRS's search or exemption claims.

23. Accordingly, Defendant requests that the Court extend the deadline for Defendant to reply an additional 17 days, through August 29, 2022 (or a total of 38 days from Plaintiff's July 22, 2022 Brief in Opposition).

//

//

SECOND MOTION FOR EXTENSION OF TIME TO FILE
DEF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT – Page 7
(No. 2:15-cv-00369-RSM)

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)

DATED this 9th day of August, 2022.

**U.S. DEPARTMENT OF JUSTICE**

By: *s/ Stephen S. Ho*
    Stephen S. Ho
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 227
    Washington, DC 20044
    Tel:  (202) 616-8994
    Fax:  (202) 514-6866
    Email:  stephen.s.ho@usdoj.gov

*Attorney for Defendant Internal Revenue Service*

SECOND MOTION FOR EXTENSION OF TIME TO FILE DEF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT – Page 8
(No. 2:15-cv-00369-RSM)

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of this SECOND MOTION FOR EXTENSION OF TIME via the Court's electronic case filing system on August 9, 2022.

*/s Stephen S. Ho*
STEPHEN S. HO

SECOND MOTION FOR EXTENSION OF TIME TO FILE DEF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT – Page 9
(No. 2:15-cv-00369-RSM)

U.S. Department of Justice, Tax Division
Ben Franklin Station , P.O. Box 227
Washington, D.C. 20044
202-616-8994 (Phone)